```
                IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| TEAMSTERS PENSION FUND OF PHILADELPHIA AND VICINITY & TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY,<br><br>          Plaintiffs,<br><br>  v.<br><br>AMERICAN HELPER, INC.,<br><br>          Defendant. | HON. JEROME B. SIMANDLE<br><br>Civil No. 11-624 (JBS/JS)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE**, District Judge:

    This matter is before the Court on Plaintiffs' motion for default judgment. [Docket Item 6.] The Court finds as follows:

    1. Plaintiffs filed this Complaint against American Helper, Inc., and served process upon an individual named Dominic Marano. [Docket Items 1 & 4.] American Helper, Inc. did not respond to the Complaint, and default was entered. [Docket Item 5.] Plaintiffs then moved for default judgment. [Docket Item 6.]

    2. Before the Court can enter default judgment, it must find that process was properly served on the Defendant. <u>Gold Kist, Inc. v. Laurinburg Oil Co., Inc.</u>, 756 F.2d 14, 19 (3d Cir. 1985). Fed. R. Civ. P. 55(b)(2) authorizes the entry of a default judgment against a party that has defaulted. However, default judgment is not a right. Granting a default judgment is left primarily to the "discretion of the court." <u>Tozer v.</u>

Charles A. Krause Milling Co., 189 F.2d 242, 244 (3d Cir. 1951). Entry of a default judgment is an inappropriate use of judicial discretion where there has been insufficient proof of service. See First American Bank, N.A. v. United Equity Corp., 89 F.R.D. 81, 86 (D.D.C. 1981).

    3. On May 16, 2011, the Court wrote to Plaintiffs to inform them that default judgment could not be granted because "[t]he affidavit proving service indicates only that an individual was served, but neither that affidavit nor any further certification discusses the individual's relationship to Defendant." [Docket Item 7.] The Court provided Plaintiffs with an opportunity to prove that service was proper by supplemental affidavit under Rule 4(l)(3) of the Federal Rules of Civil Procedure.

    4. Plaintiffs' response to this Court's letter order was to provide the Court with the following: a letter from the process server stating that the individual served was "authorized to accept service," without explanation of the basis for that belief; an amended affidavit of the server stating the same; and notes from a phone conversation in which it appears Marano was previously contacted regarding this matter. [Docket Item 8.]

    5. Because Plaintiffs' supplemental filing fails to indicate the basis for believing that Mr. Marano was authorized to accept service of process on behalf of American Helper, Inc., the Court will deny the motion. Among other ways, a corporation

may be served in the United States "by delivering a copy of the summons and of the complaint to . . . any other agent authorized by appointment or by law to receive service of process."  Rule 4(h)(1)(B).  However, the acceptance of service by an individual and the conclusory statement of agency is insufficient to prove proper service.  See United States v. Marple Community Record, Inc., 335 F. Supp. 95, 101-02 (E.D. Pa. 1971) (finding process server's affidavit that an individual accepted process on behalf of another was insufficient to prove proper service); Mandale v. Des Moines Tria Tower, LLC, Civil Action No. 08-04888, 2009 WL 2412596, at *2-4 (E.D. Pa. 2009).  Instead, a party "must present facts and circumstances showing the proper relationship between the defendant and its alleged agent."  United States v. Ziegler Bolt and Parts Co., 111 F.3d 878, 881 (Fed. Cir. 1997).

6.   Plaintiffs evidently have some reason for believing that Marano is authorized to accept service on behalf of American Helper, Inc., but have failed to explain this reason.  Default judgment will be denied without prejudice to filing a new motion for default judgment accompanied by sufficient proof of service.  The accompanying Order will be entered.


**July 14, 2011**                              **s/ Jerome B. Simandle**
Date                                           JEROME B. SIMANDLE
                                               United States District Judge

3