```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| TEAMSTERS PENSION FUND OF PHILADELPHIA AND VICINITY and TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY,<br><br>           Plaintiffs,<br><br>    v.<br><br>AMERICAN HELPER, INC.,<br><br>           Defendant. | HON. JEROME B. SIMANDLE<br><br>Civil No. 11-624 (JBS/JS)<br><br>**OPINION** |

APPEARANCES:

R. Matthew Pettigrew, Jr., Esq.
MARKOWITZ & RICHMAN
1100 North American Building
121 South Broad Street
Philadelphia, PA 19107
Counsel for Plaintiffs

**SIMANDLE**, District Judge:

     This matter comes before the Court on Plaintiffs Teamsters Pension Fund of Philadelphia and Vicinity and Teamsters Health & Welfare Fund of Philadelphia and Vicinity amended motion for default judgment against Defendant American Helper, Inc.. [Docket Item 13.]  For the reasons expressed below, the Court will grant Plaintiffs' amended motion for default judgment and award a default judgment of $8,871.26.

I.  **BACKGROUND**

    A.  **Facts**

Plaintiffs Teamsters Pension Fund of Philadelphia and Vicinity ("Pension Fund") and Teamsters Health & Welfare Fund of Philadelphia and Vicinity ("Health Fund") (collectively "the Plaintiffs") are multi-employer benefit funds within the meaning of Section 302(c)(5) of the Labor Management Relations Act ("LMRA") and Section 3(3) and 3(37) of the Employee Retirement Income Security Act ("ERISA").  The Funds receive and administer contributions from various contractors who are obligated to make contributions thereto by virtue of having agreed to be bound by collective bargaining agreements with various local unions.  The Funds' offices are located in New Jersey. (Comp. ¶ 4.)

The Defendant American Helper, Inc., ("American Helper" or "Defendant") is a Delaware Corporation which has been engaged in an industry affecting commerce within the meaning of Sections 101 and 301 of the LMRA and is an employer within the meaning of Section 3(5) of ERISA. (Comp. ¶¶ 5 and 6.)

The Defendant's employees are represented by the Union and are participants in and beneficiaries of the Funds. (Comp. ¶ 7.) The Defendant is a party to a collective bargaining agreement ("Agreement") with the Union and the Agreement requires the Defendant to make timely contributions to the Funds for each full hour worked by each employee. (Comp. ¶¶ 8 and 9.)

The Defendant is required to pay its contributions to the Funds on a monthly basis. (Comp. ¶ 14.) The Agreement requires the Defendant to submit its contributions to the Funds by the 24th day of the month following the month in which the money was accrued. (Comp. ¶ 15.) Liquidated damages at the rate of 10% per month are imposed on late payments. (Comp. ¶ 10.)

The Defendant submitted late payments to the Funds for the months of April, May, June, July and August 2010. Liquidated damages in the amount of $6,004.22 have been imposed in accordance with the Agreement. (Comp. ¶¶ 16 and 17.)

**B.   Procedural History**

On February 3, 2011, the Plaintiffs filed a Complaint against the Defendant alleging claims of breach of the collective bargaining agreement and violations of Section 515 of ERISA (29 U.S.C. § 1145). The Defendant was served on March 1, 2011 [Docket Item 4], but has failed to respond. On March 30, 2011, Plaintiffs filed a request for default, which the Clerk of Court entered pursuant to Fed. R. Civ. P. 55(a). [Docket Item 5.]

Plaintiffs then moved for default judgment. [Docket Item 6.] The Court denied Plaintiffs' motion for default judgment without prejudice because the Plaintiffs failed to indicate the basis for believing that Dominic Marano was authorized to accept service of process on behalf of Defendant American Helper, Inc.. [Docket Item 9].

The Plaintiffs filed the instant amended motion for default [Docket Item 13.] The Plaintiffs seek unpaid liquidated damages as well as an award of attorney fees and costs from the Defendant. Id.

## II.  DISCUSSION

Fed. R. Civ. P. 55(b)(2) authorizes the entry of a default judgment against a party that has defaulted.  However, default judgment is not a right.  The decision about whether default judgment is proper is primarily within the discretion of the district court.  Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984).

### A.   Standard of Review

Once a party has defaulted, the consequence is that "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." DIRECTV, Inc. v. Pepe, 431 F.3d 162, 165 n.6 (3d Cir. 2005) (quoting Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990)).  Entry of default judgment where damages are not a sum certain requires an application to the Court to prove, inter alia, damages.  Fed. R. Civ. P. 55(b)(2); Comdyne, 908 F.2d at 1149.  In addition, liability is not established by default alone. D.B. v. Bloom, 896 F. Supp. 166, 170 n.2 (D.N.J. 1995) (citing 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure, § 2681 (2d ed. 1983)).  The Court must determine whether a sufficient cause of

action was stated, Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 535 (D.N.J. 2008), and whether default judgment is proper. Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000).

   **B.   Sufficiency of Proof of Service**

Before the Court can enter default judgment, it must find that process was properly served on the Defendant. Gold Kist, Inc. v. Laurinburg Oil Co., Inc., 756 F.2d 14, 19 (3d Cir. 1985).

In this case, the Defendant, American Helper Inc., is a corporation. A corporation may be served in the United States "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Rule 4(h)(1)(B).

The Plaintiffs' amended motion for default indicates the basis for believing that Mr. Marano was authorized to accept service of process on behalf of American Helper, Inc. was because Mr. Marano is the President of Defendant corporation. The Plaintiffs have provided factual support for this belief through the certification of R. Matthew Pettigrew and the "Memorandum of Agreement" signed by Dominic Marano as President. (Cert. of R. Matthew Pettigrew, Ex. C.)

The Court finds the certification and exhibit submitted by the Plaintiff persuasive and further finds that Dominic Marano is President of Defendant American Helper Inc.. Accordingly,

5

Dominic Marano, as President of Defendant American Helper, Inc., is a managing or general agent of the corporation and authorized under Fed. Rule Civ. P. 4(h)(1)(B) to accept service of process.

Therefore, the Court finds that process was properly served on the Defendant.

**C.   Sufficiency of Causes of Action**

In the present case, after being properly served on March 1, 2011, the Defendant failed to appear or otherwise defend, and the Clerk of the Court entered a default.  Therefore, the first issue is whether the Plaintiffs have stated a sufficient cause of action.  As will be explained below, the Court determines that the Plaintiffs have established Defendant's liability for the purposes of this default judgment motion.

 1.   <u>Breach of Collective Bargaining Agreement</u>

In their Complaint, Plaintiffs bring a cause of action for breach of contract.

A breach of contract claim requires proof of three elements: (1) the existence of a valid contract; (2) a breach of that contract; and (3) resulting damage to the plaintiff.  <u>Ramada Worldwide, Inc. v. Steve Young Kim</u>, No. 09-4534, 2010 WL 2879611 at *3 (D.N.J. July 15, 2010)(citing <u>AT&T Credit Corp. v. Zurich Data Corp.</u>, 37 F. Supp. 2d 367, 370(D.N.J. 1999)).

Here, the Plaintiffs have alleged the existence of a contract, specifically the Collective Bargaining Agreement.

6

(Comp. ¶ 15.) The Plaintiffs have alleged that the Defendant breached the terms of the Agreement by failing to make timely contributions into the Fund on a monthly basis.  (Comp. ¶¶ 9, 17.) The Plaintiffs have sufficiently claimed resulting harm from this breach in the amount of liquidated damages of $6,004.22. (Comp. ¶ 16, 17.)

Therefore, the Plaintiffs have sufficiently alleged a cause of action for breach of contract to establish Defendant's liability for the purposes of this default judgment motion.

### 2.  Violation of ERISA

In their Complaint Plaintiffs have also asserted a claim for the violation of ERISA resulting from the Defendants' breach of the Collective Bargaining Agreement.  ERISA provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145. ERISA further provides that:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan--
> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of--
> (I) interest on the unpaid contributions, or
> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

>      (D) reasonable attorney's fees and costs of the action,
>      to be paid by the defendant, and
>      (E) such other legal or equitable relief as the court
>      deems appropriate.

29 U.S.C. § 1132(g)(2).

In this case, the Plaintiff alleges they have brought this suit to enforce payment of delinquent employer contributions pursuant to 29 U.S.C. § 1145.(Comp. ¶¶ 17, 20-22.)  The Plaintiff also claims that the liquidated damages sought are 10% of the amount of the late payments, which is provided for in the Collective Bargaining Agreement. (Comp. ¶¶ 10, 16.) This is reasonable under ERISA since the liquidated damages are provided for under the plan and are not in excess of 20 percent.  The Plaintiff further alleges that it is entitled to reasonable attorney fees in the amount of $2,330.00 and costs in the amount of $537.04 pursuant to 29 U.S.C. § 1132(g)(2). (Am. Mot. for Def. ¶¶ 8-11.)

Therefore, the Plaintiffs have stated a sufficient cause of action under ERISA to establish Defendant's liability for purposes of default judgment.

### D. Default Judgment

"Before imposing the extreme sanction of default [judgment], district courts must make explicit factual findings as to (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." Doug Brady,

Inc. v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987)).

The current record does not show any meritorious defenses. Because the Defendant did not respond, the Court cannot determine whether the Defendant had meritorious defenses that are not reflected in the record. The Court therefore finds that Defendants have no meritorious defense.

The Court also finds that Plaintiffs have been prejudiced by the Defendants' failure to answer because they have been prevented from prosecuting their case, engaging in discovery, and seeking relief in the normal fashion. Defendant was properly served, yet failed to appear or defend themselves in any fashion. It has been over six months since Defendant was served, and the Defendant has failed to contact the Court or defend his case.

Finally, the Defendant's failure to answer evinces the Defendant's culpability in its default. There is nothing before the Court to show that the Defendant's failure to file an answer was not willfully negligent. See Prudential Ins. Co. of America v. Taylor, No. 08-2108, 2009 WL 536403 at *1 (D.N.J. February 27, 2009)(finding that when there is nothing before the court to suggest anything other than the defendant's willful negligence caused the defendant to fail to file an answer, the defendant's conduct is culpable and warrants default judgment).

9

Thus, the Court finds that Plaintiffs are entitled to default judgment against Defendant American Helper.

**D.   Remedies**

    1.   <u>Damages under the Collective Bargaining Agreement and ERISA</u>

The damages alleged in this case are sum certain. The Plaintiff claims that Defendant American Helper, Inc., submitted late payments in April, May, June, July and August 2010. (Comp. ¶ 17.) The Plaintiff maintains that the Defendants are liable for liquidated damages in the amount of $6,004.22 as a result of these late payments. <u>Id.</u> The amount of liquidated damages represents 10% of the amount of the late payments, which is provided for pursuant to the Collective Bargaining Agreement. (Comp. ¶ 16.)

Therefore, the Court will award $6,004.22 in liquidated damages to the Plaintiffs.

    2.   <u>Costs and Attorney Fees</u>

In addition to liquidated damages, the Plaintiffs ask for both attorney fees and costs, which their evidence shows to be $2,330.00 for attorney fees and $537.04 for costs.

Pursuant to 29 U.S.C. § 1132(g)(2), the Court shall award attorneys fees and costs for actions brought to enforce 29 U.S.C. § 1145 of ERISA. Thus, in this case, the attorney fees and costs

that the Plaintiffs have paid towards this litigation can be included in damages.

The affidavit submitted by Plaintiffs' counsel substantially complies with Local Civil Rules 54.1 and 54.2.  The affidavit certifies that Plaintiff's counsel R. Matthew Pettigrew, Jr., Esq.'s fee in this matter is $2,330.00 which represents 9.32 hours of work at a rate of $250 per hour.  The Court finds this a reasonable fee in light of the nature of the case and services rendered.  In addition, Mr. Pettigrew certified that the total costs incurred amounted to $537.04.  This includes filing fees, service fees, photocopying and postage.  The Court finds that the total cost is reasonable and should be awarded to the Plaintiff.[1]

Therefore, attorneys' fees in the amount of $2,330.00 and costs in the amount of $537.04 will be awarded to the Plaintiffs and included in damages.

### III. CONCLUSION

For the foregoing reasons the Court will grant the Plaintiffs' amended motion for default judgment and award a

---

[1] Local Civil Rule 54.2 requires an affidavit for services to set forth the nature of the services rendered.  This includes any particular novelty or difficulty about the matter; a record of the dates the services were rendered; a description of the services rendered on each of such dates; a description of each person at the firm who rendered such services including the person's professional experience; the time spent on each service and the normal billing rate for each of said persons for the type of work performed.  This format should be followed in submitting an affidavit for services in conjunction with a motion for default judgment.

default judgment in the amount of $8,871.26.  This includes $6,004.22 in liquidated damages, $2,330.00 in attorney fees and $537.04 in costs.

    The accompanying order for default judgment shall be entered.


**October 5, 2011**                          **s/ Jerome B. Simandle**
Date                                        JEROME B. SIMANDLE
                                              United States District Judge